IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LG Electronics Inc., <br><br> Plaintiff, <br><br> v. <br><br> TCL Electronics Holdings Ltd. (f/k/a TCL Multimedia Technology Holdings, Ltd.); TCL Industries Holdings Co., Ltd.; TCL Industries Holdings (H.K.) Limited; TTE Technology, Inc. (d/b/a TCL North America); TTE Corporation; TCL Moka International Limited; TCL Moka Manufacturing S.A. de C.V.; TCL King Electrical Appliances (Huizhou) Co. Ltd.; Manufacturas Avanzadas S.A. de C.V.; TCL Smart Device (Vietnam) Co., Ltd.; Shenzhen TCL New Technology Co., Ltd.; TCL Optoelectronics Technology (Huizhou) Co., Ltd.; TCL Overseas Marketing Ltd.; and TCL Technology Group Corporation (f/k/a TCL Corp.), <br><br> Defendants. | Civil Action No. _____ <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff LG Electronics Inc. ("LGE" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against Defendants TCL Electronics Holdings Ltd. (f/k/a TCL Multimedia Technology Holdings, Ltd.); TCL Industries Holdings Co., Ltd.; TCL Industries Holdings (H.K.) Limited; TTE Technology, Inc. (d/b/a TCL North America); TTE Corporation; TCL Moka International Limited; TCL Moka Manufacturing S.A. de C.V.; TCL King Electrical Appliances (Huizhou) Co. Ltd.; Manufacturas Avanzadas S.A. de C.V.; TCL Smart Device (Vietnam) Co., Ltd.; Shenzhen TCL New Technology Co., Ltd.; TCL Optoelectronics Technology (Huizhou) Co., Ltd.; TCL Overseas Marketing Ltd.; and TCL Technology Group Corporation (f/k/a TCL Corp.) (collectively "TCL" or "Defendants") alleges as follows:

## THE PARTIES

1.      Plaintiff LG Electronics Inc. ("LGE") is a corporation organized under the laws of the Republic of Korea, having its principal place of business at LG Twin Towers, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul, Republic of Korea, 07336.  LGE is a global leader in consumer electronics, mobile communications, and home appliances, employing over 75,000 people in over 100 locations worldwide.

2.      On information and belief, Defendant TCL Electronics Holdings Ltd. (f/k/a TCL Multimedia Technology Holdings, Ltd.) is a corporation organized and existing under the laws of Cayman Island with its principal place of business at 7th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong.

3.      On information and belief, Defendant TCL Industries Holdings Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at 22nd Floor, TCL Technical Tower, Huifeng 3 Road, Zhongkai Development Zone Huizhou, China.

4.      On information and belief, Defendant TCL Industries Holdings (H.K.) Limited is a corporation organized and existing under the laws of Hong Kong with its principal place of business at 8th Floor, Building 22E, Phase Three, Hong Kong Science Park, Pak Shek Kok, New Territories, Hong Kong.

5.      On information and belief, Defendant TTE Technology, Inc. (d/b/a TCL North America) is a corporation organized and existing under the laws of Delaware with its principal place of business at 1860 Compton Avenue, Corona, CA 92881.

6.      On information and belief, Defendant TTE Corporation is a corporation organized and existing under the law of the British Virgin Islands with its principal place of business at 7th

Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong.

7.      On information and belief, Defendant TCL Moka International Limited is a Hong Kong corporation with a principal place of business at 7th Floor Hong Kong Science Park, Building 22 E, 22 Science Park East Avenue, Shatin, New Territories, Hong Kong or 13th Floor, TCL Tower, 8 Tai Chung Road, Tsuen Wan, New Territories, Hong Kong.

8.      On information and belief, Defendant TCL Moka Manufacturing S.A. de C.V. is a company organized under the laws of Mexico with a principal place of business at Calle Cuarta. No. 55, Ciudad Industrial Nueva Tijuana, Tijuana, BJ 66050, Mexico.

9.      On information and belief, Defendant TCL King Electrical Appliances (Huizhou) Co. Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at No. 78, Huifeng 4 Road, Zhongkai Development Zone Huizhou, 516006 P.R. China.

10.     On information and belief, Defendant Manufacturas Avanzadas S.A. de C.V. is a corporation organized and existing under the law of Mexico with a principal place of business at Blvd. Independecia No. 2151, Ciudad Juarez, Chihuahua, 32580, Mexico.

11.     On information and belief, Defendant TCL Smart Device (Vietnam) Co., Ltd. is a corporation organized and existing under the laws of Vietnam with its principal place of business at No. 26 VSIP II-A, Street 32, Vietnam Singapore Industrial Park II-A, Tan Binh Commune, Bac Tan Uyen District, Binh Duong Province, 75000, Vietnam.

12.     On information and belief, Defendant Shenzhen TCL New Technology Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its

principal place of business at 9th Floor, TCL Electronics Holdings Limited Building, TCL International E City, No. 1001 Zhongshan Park Road, Nanshan, China.

13.     On information and belief, Defendant TCL Optoelectronics Technology (Huizhou) Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at Ltd. No. 78 Huifeng Si Rd, Zhongkai High-New Development Zone, Huizhou, Guangdong, 516006, China.

14.     On information and belief, Defendant TCL Overseas Marketing Ltd. is a corporation organized and existing under the laws of the British Virgin Islands with its principal place of business at 5th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong.

15.     On information and belief, Defendant TCL Technology Group Corporation (formerly known as TCL Corp.) is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at TCL Technology Building, No.17, Huifeng 3rd Road, Zhongkai High-tech Zone, Huizhou City, Guangdong, 516006, China.

16.     On information and belief, Defendant TCL Industries Holdings Co., Ltd is the ultimate parent company of all of the other named defendants, and as the ultimate parent, induces its subsidiaries, affiliates, retail partners, and customers in the making, using, selling, offering for sale, and/or importing of products accused of infringement in this Complaint through its subsidiaries.

17.     On information and belief, Defendants are part of the same corporate structure and distribution chain for making, using, selling, offering for sale, and/or importing the accused televisions in the United States, including in this State and this District.  Defendants do business as a collective whole under the TCL brand.

18.     Defendants form an interrelated group of companies which together comprise one of the largest makers and sellers of televisions in the world. Defendants are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this District in particular. On information and belief, Defendants (and their affiliates) share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies. Thus, Defendants (and their affiliates and subsidiaries) operate as a unitary business and are jointly and severally liable for the acts of patent infringement alleged herein.

19.     On information and belief, Defendants do business themselves, or through their subsidiaries, affiliates, and agents, in the State of Texas and the Eastern District of Texas. Defendants placed or contributed to placing infringing products, including one or more of those specifically accused of infringement below, into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.

20.     On information and belief, Defendants have derived substantial revenue from infringing acts in the Eastern District of Texas, including from the sale and use of these infringing products like those specifically accused of infringement below.

## JURISDICTION AND VENUE

21.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code.

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23.     Personal jurisdiction exists over each of the Defendants because each Defendant has sufficient minimum contacts with this forum as a result of business conducted within this State and this District or directed thereto, and subsidiaries registered to do business in this State.

24.     Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through affiliates, subsidiaries, agents, or intermediaries, transacts business in this State or purposefully directed at this State by making, importing, offering to sell, selling, and/or having sold infringing televisions within this State and District or purposefully directed at this State or District.

25.     This Court previously found that a number of the Defendants are subject to personal jurisdiction in this forum.  *See Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356, at *3 (E.D. Tex. Mar. 25, 2020).

26.     Personal jurisdiction also exists specifically over each of the Defendants because they have overlapping executives, interlocking corporate structures, and close relationships as manufacturer, importer, and distributor of accused products.

27.     To the extent any foreign Defendant is not subject to jurisdiction in any state's court of general jurisdiction, exercising jurisdiction over the defendant in this State and this District would be consistent with due process and this State's long-arm statute in light of facts alleged in this Complaint.

28.     In addition, each of the Defendants, directly or through affiliates, subsidiaries, agents, or intermediaries, places infringing televisions into the stream of commerce knowing they will be sold and used in this State, and economically benefits from the retail sale of infringing televisions in this State.  For example, Defendants' products have been sold and are available for sale in this District at retail stores, and are also available for sale and offered for sale in this District

through online retailers.  Defendants also advertise their infringing products to consumers in this State and this District through the TCL.com website.  *See, e.g.*, https://www.tcl.com/us/en/catalog/home-theater.

29.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

30.     Venue is proper over Defendants TCL Electronics Holdings Ltd. (f/k/a TCL Multimedia Technology Holdings, Ltd.); TCL Industries Holdings Co., Ltd.; TCL Industries Holdings (H.K.) Limited; TTE Corporation; TCL Moka International Limited; TCL Moka Manufacturing S.A. de C.V.; TCL King Electrical Appliances (Huizhou) Co. Ltd.; Manufacturas Avanzadas S.A. de C.V.; TCL Smart Device (Vietnam) Co., Ltd.; Shenzhen TCL New Technology Co., Ltd.; TCL Optoelectronics Technology (Huizhou) Co., Ltd.; TCL Overseas Marketing Ltd.; and TCL Technology Group Corporation (f/k/a TCL Corp.) at least because they are not resident in the United States, and are all subject to personal jurisdiction in this District.

31.     On information and belief, venue is proper over Defendant TTE Technology, Inc. at least because it has committed acts of direct and/or indirect infringement in this District, has a regular and established place of business in this District, and has transacted business in this District, including offering to sell, selling, having sold and/or importing televisions which infringe at least one of the patents-in-suit.

32.     Defendant TTE Technology, Inc. has previously availed itself of courts in the Eastern District of Texas, including voluntarily submitting to jurisdiction and venue in this forum for purposes of a patent litigation.  *See, e.g.*, *American Patents LLC, v. TCL Corp. et al.*, No. 4:18-cv-00767, Dkt. 46 at 2 (E.D. Tex., Feb. 20, 2019) ("TCL King Electrical Appliances (Huizhou) Co. Ltd., TTE Technology, Inc., Huizhou TCL Mobile Communication Co. Ltd., and TCT Mobile

(US) Inc. agree that, for this case only, they will not assert that venue in the Eastern District of Texas is improper under Section 1400(b).").

33.     On information and belief, Defendant TTE Technology, Inc. maintains a regular and established place of business in the Eastern District of Texas at least because repair shops conduct the business of Defendant TTE Technology, Inc. by performing, processing, and/or handling warranty services for TCL branded products according to the TCL North America Limited Product Warranty published at https://www.tcl.com/us/en/warranty/tv-warranty.

## THE ASSERTED PATENTS

34.     On July 19, 2011, the USPTO duly and legally issued United States Patent No. 7,982,803 ("'803 patent"), entitled "Audio and Video Synchronizing Apparatus and Method," and it is publicly available on the USPTO website.

35.     On November 23, 2010, the USPTO duly and legally issued United States Patent No. 7,839,452 ("'452 patent"), entitled "Image Display Device in Digital TV," and it is publicly available on the USPTO website.

36.     On June 25, 2019, the USPTO duly and legally issued United States Patent No. 10,334,311 ("'311 patent"), entitled "Method of Providing External Device List and Image Display Device," and it is publicly available on the USPTO website.

37.     On July 14, 2015, the USPTO duly and legally issued United States Patent No. 9,080,740 ("'740 patent"), entitled "Planar Lighting Device," and it is publicly available on the USPTO website.

38.     On October 10, 2017, the USPTO duly and legally issued United States Patent No. 9,788,346 ("'346 patent"), entitled "Channel Access Method for Very High Throughput (VHT) Wireless Local Access Network System and Station Supporting the Channel Access Method," and it is publicly available on the USPTO website.

39.     On December 3, 2019, the USPTO duly and legally issued United States Patent No. 10,499,431 ("'431 patent"), entitled "Channel Access Method for Very High Throughput (VHT) Wireless Local Access Network System and Station Supporting the Channel Access Method," and it is publicly available on the USPTO website.

40.     LGE is the owner by assignment of all right, title and interest in and to the '803 patent, '452 patent, '311 patent, '740 patent, '346 patent, and '431 patent (collectively, the "Patents-in-Suit"), now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it, including the right to sue for and collect past damages.

41.     LGE has complied with all statutory requirements to collect past damages for infringement of the Patents-in-Suit, including under 35 U.S.C. § 287.

## KNOWLEDGE OF THE PATENTS-IN-SUIT AND INFRINGEMENT

42.     The Defendants have had knowledge of the Patents-in-Suit and their infringement of the Patents-in-Suit since before the date of this Complaint as explained in the following paragraphs, yet Defendants knowingly and intentionally continued making, using, importing, offering to sell, and selling infringing products in this State and District.

43.     Defendants and LGE previously negotiated and entered into a First Patent License Agreement.

44.     Defendants and LGE previously negotiated and entered into a Second Patent License Agreement.

45.     By email from Mr. Sangsoo Kim of LGE to Mr. Tom Gong of TCL on November 5, 2018, LGE sent a letter dated November 5, 2018, addressed to Mr. Tom Gong, Controller & Director of TTE Technology Inc.  LGE noted that the previous patent license agreements between

the parties had expired and proposed discussions concerning the renewal of a patent license agreement.  LGE further requested confirmation for proposed meeting dates.

46.     By email from Mr. Sangsoo Kim of LGE to Mr. Tom Gong of TCL on November 21, 2018, LGE noted that it had not received any response from TCL to its first email.  LGE stated its belief that TCL needed to renew its patent licenses with LGE, in order for TCL to continue using LGE's patents in the United States.  LGE requested that TCL respond so that renewal negotiations could begin by the end of 2018.

47.     By email from Mr. Sangsoo Kim of LGE to Mr. Simon Choi and Mr. Tom Gong of TCL on January 16, 2019, LGE sent a letter dated January 16, 2019, addressed to Mr. Chen Wang, CEO of TCL Electronics Holdings Limited.  LGE noted that it still had not received any response to its prior correspondence in November 2018.  LGE reiterated its request to discuss renewing the expired patent license agreements.  LGE included two attachments listing exemplary commercial patents and standard essential Wi-Fi patents.  The list of exemplary commercial patents included the '452 patent, and the list of Wi-Fi patents included the '346 patent.  LGE further identified specific TV models that it believed were using LGE's patented features and/or supporting the Wi-Fi standard: 55P607, 55C807, 43S517, and 43UP130.  With respect to LGE's standard essential patents, LGE confirmed that it would grant a license under fair, reasonable, and non-discriminatory terms.

48.     By email from Mr. Changhwan Lee of LGE to Mr. Simon Choi and Mr. Tom Gong of TCL on April 18, 2019, LGE sent a letter dated April 18, 2019, addressed to Mr. Chen Wang, CEO of TCL Electronics Holdings Limited.  LGE noted that it still had not received any response to its prior correspondence in November 2018 or January 2019.  LGE expressed concern over TCL's lack of response.  LGE referred again to the LGE patents and TCL TV models identified in

LGE's previous letter. With respect to LGE's standard essential patents, LGE again confirmed that it would grant a license under fair, reasonable, and non-discriminatory terms.

49. By email from Mr. TaeHee Ahn of LGE to Mr. Simon Choi and Mr. Tom Gong of TCL on January 20, 2020, LGE sent a letter dated January 21, 2020, addressed to Mr. Chen Wang, CEO of TCL Electronics Holdings Limited. LGE noted that it still had not received any response to its prior four correspondences dating back to November 2018. LGE expressed concern over TCL's lack of response. LGE referred again to the LGE patents and TCL TV models identified in LGE's previous letters. LGE also identified further exemplary commercial patents that LGE stated were implemented in many of TCL/TTE's products including models 55P607 and 43S517. This list of further exemplary commercial patents included the '311 patent. With respect to LGE's standard essential patents, LGE again confirmed that it would grant a license under fair, reasonable, and non-discriminatory terms.

50. By email dated February 21, 2020, to Mr. TaeHee Ahn of LGE, Mr. Hao Long of TCL acknowledged receipt of the January 21 letter regarding LGE's request for patent license negotiations. TCL stated it would formally reply to LGE before February 28, 2020.

51. By email dated February 24, 2020, to Mr. Hao Long of TCL, Mr. Kwang Won Lee of LGE confirmed that he would become a contact for communication with TCL.

52. By email dated March 8, 2020, LGE requested a conference call on March 24, 2020.

53. By two emails both dated March 9, 2020, LGE provided additional claim charts and updated lists of patents. The updated list of patents included the '431 patent, and the claim charts included charts for the '311 patent, '346 patent, and '452 patent.

54. By email dated March 16, 2020, LGE reiterated its desire for a conference call on March 24.

55.    TCL did <u>not</u> participate in any conference call with LGE on or about March 24, 2020.

56.    By email dated March 26, 2020, LGE noted that TCL has had almost a year to review claim charts from LGE, and LGE reiterated its desire to start substantive discussions as soon as possible.  LGE asked for a date certain when TCL would be ready to engage in such discussions.

57.    By email dated April 22, 2020, LGE again reiterated its desire to engage in substantive discussions and requested a timeline or schedule for a meeting with TCL.

58.    By email dated May 14, 2020, LGE confirmed that the identified patent lists included LGE's standard essential patents.  LGE again requested a date certain for the parties to have substantive discussions.

59.    By email dated June 26, 2020, LGE again requested a date certain when TCL would complete its evaluation of LGE's patents.

60.    By email dated July 23, 2020, LGE requested again a date when the parties could begin negotiations on LGE's Wi-Fi and commercial TV patents.

61.    By email dated June 4, 2021, LGE provided an updated patent list and additional claim charts showing infringement by TCL.  This included an identification of the '740 patent and '803 patent, and it included claim charts for the '740 patent and '803 patent.

62.    The parties had a conference call on July 9, 2021.

63.    By email dated July 9, 2021, to Mr. Lawrence Wu of TCL, Mr. Kwang Won Lee of LGE expressed disappointment in the conference call of that same day because TCL had requested additional time to evaluate LGE's patents.  LGE noted that its first contact with TCL was almost two and a half years earlier.

64.     All of the emails between LGE and TCL, and vice versa, were written in English.

65.     From the time LGE sent the email and letter on November 5, 2018, TCL did not respond to LGE substantively with regard to LGE's commercial patents or Wi-Fi patents. Specifically, TCL did not assert non-infringement or invalidity of any of LGE's commercial patents or Wi-Fi patents, including the Patents-in-Suit.

66.     TCL has been aware of the '803 patent since at least June 4, 2021, and TCL received a claim chart for the '803 patent no later than June 4, 2021.

67.     TCL has been aware of the '452 patent since at least January 16, 2019, and TCL received a claim chart for the '452 patent no later than March 9, 2020.

68.     TCL has been aware of the '311 patent since at least January 20, 2020, and TCL received a claim chart for the '311 patent no later than March 9, 2020.

69.     TCL has been aware of the '740 patent since at least June 4, 2021, and TCL received a claim chart for the '740 patent no later than June 4, 2021.

70.     TCL has been aware of the '346 patent since at least January 16, 2019, and TCL received a claim chart for the '346 patent no later than March 9, 2020.

71.     TCL has been aware of the '431 patent, since at least March 9, 2020.

72.     LGE has complied with its obligations to offer TCL a license to any standard essential patent on fair, reasonable, and non-discriminatory terms.

73.     Since the date of expiration of Defendants' license agreements with LGE, Defendants have not been licensed under and have not agreed to license any of the Patents-in-Suit.

74.     Instead, Defendants knowingly and intentionally have continued to make, use, sell, offer to sell, and import infringing products, including in this State and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,982,803

75.     LGE realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74.

76.     Defendants are, and have been, on notice of the '803 patent since before the lawsuit was filed.  Among the ways that actual notice was provided to Defendants is the email correspondence beginning in November 2018, referenced above, including detailed claim charts sent to Defendants on March 9, 2020.

77.     Defendants have been and are currently directly infringing, literally and/or under the doctrine of equivalents, the '803 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from LGE, televisions in this State and District and elsewhere in the United States, which embody, incorporate, or otherwise practice one or more claims of the '803 patent, including at least TCL models having the audio "passthrough" feature found in at least TCL model 50S535.

78.     By way of example, the accused TCL televisions infringe at least exemplary claim 6 of the '803 patent as described in detail in the attached claim chart, Exhibit A.

79.     Defendants have and continue to induce infringement of one or more claims of the '803 patent under 35 U.S.C § 271(b) by actively inducing the other Defendants, related entities, retailers, and/or customers to make, use, sell, offer to sell, and/or import, products covered by one or more claims of the '803 patent.

80.     For example, TCL's user manuals include instructions to users regarding the selection of an audio setting that infringes at least claim 6 of the '803 patent.

81.     As explained above, TCL has had actual knowledge of the '803 patent prior to this Complaint and at least as of the date of this Complaint.  In addition, LGE provided TCL with detailed claim charts demonstrating that TCL's televisions infringe the '803 patent on June 4,

2021.  Despite having actual knowledge of its infringement, TCL has continued to infringe and induce infringement of one or more claims of the '803 patent.

82.     Defendants have and continue to infringe one or more claims of the '803 patent under 35 U.S.C § 271(f)(1) at least by importing components of televisions into this State and District, and then exporting them to foreign countries, including but not limited to Mexico, for assembly into infringing televisions.

83.     Defendants' infringement of the '803 patent has been and continues to be willful.

84.     Unless enjoined by this Court, Defendants will continue to infringe the '803 patent, and LGE will continue to suffer irreparable harm and harm for which damages are inadequate. Accordingly, LGE is entitled to injunctive relief against such infringement under 35 U.S.C. § 283.

85.     As a result of Defendants' infringement of the '803 patent, LGE has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover past damages for such injuries pursuant to 35 U.S.C. § 284.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,839,452

86.     LGE realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74.

87.     Defendants are, and have been, on notice of the '452 patent since before the lawsuit was filed.  Among the ways that actual notice was provided to Defendants is the email correspondence beginning in November 2018, referenced above, including detailed claim charts sent to Defendants on March 9, 2020.

88.     Defendants have been and are currently directly infringing, literally and/or under the doctrine of equivalents, the '452 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from LGE, televisions in this State and District and elsewhere in the United States, which embody, incorporate, or otherwise practice one

or more claims of the '452 patent, including at least TCL model 43S435 and other similar 4K or higher resolution televisions, including TCL 4-Series and 5-Series televisions which have an upscaling feature.

89.     By way of example, the accused TCL televisions infringe at least exemplary claim 1 of the '452 patent as described in detail in the attached claim chart, Exhibit B.

90.     Defendants have and continue to induce infringement of one or more claims of the '452 patent under 35 U.S.C § 271(b) by actively inducing the other Defendants, related entities, retailers, and/or customers to make, use, sell, offer to sell, and/or import, products covered by one or more claims of the '452 patent.

91.     For example, TCL's user manual for the 43S435 television instructs users to use the television in a manner that infringes at least claim 1 of the '452 patent.

92.     As explained above, TCL has had actual knowledge of the '452 patent prior to this Complaint and at least as of the date of this Complaint.  LGE provided TCL with detailed claim charts demonstrating that TCL's televisions infringe the '452 patent on March 9, 2020.  Despite having actual knowledge of its infringement, TCL has continued to induce infringement of one or more claims of the '452 patent.

93.     Defendants have and continue to infringe one or more claims of the '452 patent under 35 U.S.C § 271(f)(1) at least by importing components of televisions into this State and District, and then exporting them to foreign countries, including but not limited to Mexico, for assembly into infringing televisions.

94.     Defendants' infringement of the '452 patent has been and continues to be willful.

95.     Unless enjoined by this Court, Defendants will continue to infringe the '452 patent, and LGE will continue to suffer irreparable harm and harm for which damages are inadequate. Accordingly, LGE is entitled to injunctive relief against such infringement under 35 U.S.C. § 283.

96.     As a result of Defendants' infringement of the '452 patent, LGE has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover past damages for such injuries pursuant to 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,334,311

97.     LGE realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74.

98.     Defendants are, and have been, on notice of the '311 patent since before the lawsuit was filed.  Among the ways that actual notice was provided to Defendants is the email correspondence beginning in November 2018, referenced above, including detailed claim charts sent to Defendants on March 9, 2020.

99.     Defendants have been and are currently directly infringing, literally and/or under the doctrine of equivalents, the '311 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from LGE, televisions in this State and District and elsewhere in the United States, which embody, incorporate, or otherwise practice one or more claims of the '311 patent, including at least TCL models 50S435 and 55S20,other similar televisions with a model number ending in 1, 3, 5, 7, or 8, and any televisions that similarly display both icons and preview images for external devices.

100.    By way of example, the accused TCL televisions infringe at least exemplary claim 1 of the '311 patent as described in detail in the attached claim chart, Exhibit C.

101.    Defendants have and continue to induce infringement of one or more claims of the '311 patent under 35 U.S.C § 271(b) by actively inducing the other Defendants, related entities,

retailers, and/or customers to make, use, sell, offer to sell, and/or import, products covered by one or more claims of the '311 patent.

102.    For example, TCL's user manual for the 50S435 television instructs users to use the television in a manner that infringes at least claim 1 of the '311 patent.

103.    As explained above, TCL has had actual knowledge of the '311 patent prior to this Complaint and at least as of the date of this Complaint.  LGE provided TCL with detailed claim charts demonstrating that TCL's televisions infringe the '311 patent on March 9, 2020.  Despite having actual knowledge of its infringement, TCL has continued to induce infringement of one or more claims of the '311 patent.

104.    Defendants have and continue to infringe one or more claims of the '311 patent under 35 U.S.C § 271(f)(1) at least by importing components of televisions into this State and District, and then exporting them to foreign countries, including but not limited to Mexico, for assembly into infringing televisions.

105.    Defendants' infringement of the '311 patent has been and continues to be willful.

106.    Unless enjoined by this Court, Defendants will continue to infringe the '311 patent, and LGE will continue to suffer irreparable harm and harm for which damages are inadequate. Accordingly, LGE is entitled to injunctive relief against such infringement under 35 U.S.C. § 283.

107.    As a result of Defendants' infringement of the '311 patent, LGE has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover past damages for such injuries pursuant to 35 U.S.C. § 284.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,080,740

108.    LGE realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74.

109.    Defendants are, and have been, on notice of the '740 patent since before the lawsuit was filed.   Among the ways that actual notice was provided to Defendants is the email correspondence beginning in November 2018, referenced above, including detailed claim charts sent to Defendants on June 4, 2021.

110.    Defendants have been and are currently directly infringing, literally and/or under the doctrine of equivalents, the '740 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from LGE, televisions in this State and District and elsewhere in the United States, which embody, incorporate, or otherwise practice one or more claims of the '740 patent, including at least TCL models 50S435 and 55S435 and other televisions with similar backlight structures.

111.    By way of example, the accused TCL televisions infringe at least exemplary claim 22 of the '740 patent as described in detail in the attached claim chart, Exhibit D.

112.    Defendants have and continue to induce infringement of one or more claims of the '740 patent under 35 U.S.C § 271(b) by actively inducing the other Defendants, related entities, retailers, and/or customers to make, use, sell, offer to sell, and/or import, products covered by one or more claims of the '740 patent.

113.    For example, TCL's user manual for the 50S435 television instructs users to use the television in a manner that infringes at least claim 22 of the '740 patent.

114.    As explained above, TCL has had actual knowledge of the '740 patent prior to this Complaint and at least as of the date of this Complaint.  LGE provided TCL with detailed claim charts demonstrating that TCL's televisions infringe the '740 patent on June 4, 2021.  Despite having actual knowledge of its infringement, TCL has continued to induce infringement of one or more claims of the '740 patent.

115.     Defendants have and continue to infringe one or more claims of the '740 patent under 35 U.S.C § 271(f)(1) and (2) at least by importing components of televisions that have no substantial non-infringing uses into this State and District, and then exporting them to foreign countries, including but not limited to Mexico, for assembly into infringing televisions.

116.     Defendants' infringement of the '740 patent has been and continues to be willful.

117.     Unless enjoined by this Court, Defendants will continue to infringe the '740 patent, and LGE will continue to suffer irreparable harm and harm for which damages are inadequate. Accordingly, LGE is entitled to injunctive relief against such infringement under 35 U.S.C. § 283.

118.     As a result of Defendants' infringement of the '740 patent, LGE has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover past damages for such injuries pursuant to 35 U.S.C. § 284.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 9,788,346

119.     LGE realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74.

120.     Defendants are, and have been, on notice of the '346 patent since before the lawsuit was filed.   Among the ways that actual notice was provided to Defendants is the email correspondence beginning in November 2018, referenced above, including detailed claim charts sent to Defendants on March 9, 2020.

121.     Defendants have been and are currently directly infringing, literally and/or under the doctrine of equivalents, the '346 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from LGE, televisions in this State and District and elsewhere in the United States, which embody, incorporate, or otherwise practice one or more claims of the '346 patent, including at least TCL model 75R635 and other TCL televisions that comply with the 802.11ac amendment to the Wi-Fi standard.

122.    By way of example, the accused TCL televisions infringe at least exemplary claim 14 of the '346 patent as described in detail in the attached claim chart, Exhibit E.

123.    Defendants have and continue to induce infringement of one or more claims of the '346 patent under 35 U.S.C § 271(b) by actively inducing the other Defendants, related entities, retailers, and/or customers to make, use, sell, offer to sell, and/or import, products covered by one or more claims of the '346 patent.

124.    For example, TCL's user manual for the 75R635 television instructs users to use the television in a manner that infringes at least claim 14 of the '346 patent.

125.    As explained above, TCL has had actual knowledge of the '346 patent prior to this Complaint and at least as of the date of this Complaint.  LGE provided TCL with detailed claim charts demonstrating that TCL's televisions infringe the '346 patent on March 9, 2020.  Despite having actual knowledge of its infringement, TCL has continued to induce infringement of one or more claims of the '346 patent.

126.    Defendants have and continue to infringe one or more claims of the '346 patent under 35 U.S.C § 271(f)(1) at least by importing components of televisions into this State and District, and then exporting them to foreign countries, including but not limited to Mexico, for assembly into infringing televisions.

127.    Defendants' infringement of the '346 patent has been and continues to be willful.

128.    Unless enjoined by this Court, Defendants will continue to infringe the '346 patent, and LGE will continue to suffer irreparable harm and harm for which damages are inadequate. Accordingly, LGE is entitled to injunctive relief against such infringement under 35 U.S.C. § 283.

129.     As a result of Defendants' infringement of the '346 patent, LGE has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover past damages for such injuries pursuant to 35 U.S.C. § 284.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 10,499,431

130.     LGE realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74.

131.     Defendants are, and have been, on notice of the '431 patent since before the lawsuit was filed.   Among the ways that actual notice was provided to Defendants is the email correspondence beginning in November 2018, referenced above, including detailed claim charts sent to Defendants on March 9, 2020.

132.     Defendants have been and are currently directly infringing, literally and/or under the doctrine of equivalents, the '431 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from LGE, televisions in this State and District and elsewhere in the United States, which embody, incorporate, or otherwise practice one or more claims of the '431 patent, including at least TCL model 75R635 and other TCL televisions that comply with the 802.11ac amendment to the Wi-Fi standard.

133.     By way of example, the accused TCL televisions infringe at least exemplary claim 16 of the '431 patent as described in detail in the attached claim chart, Exhibit F.

134.     Defendants have and continue to induce infringement of one or more claims of the '431 patent under 35 U.S.C § 271(b) by actively inducing the other Defendants, related entities, retailers, and/or customers to make, use, sell, offer to sell, and/or import, products covered by one or more claims of the '431 patent.

135.     For example, TCL's user manual for the 75R635 television instructs users to use the television in a manner that infringes at least claim 16 of the '431 patent.

136.    As explained above, TCL has had actual knowledge of the '431 patent prior to this Complaint and at least as of the date of this Complaint.  LGE provided TCL with notice that TCL's televisions infringe the '431 patent on March 9, 2020.  Despite having actual knowledge of its infringement, TCL has continued to induce infringement of one or more claims of the '431 patent.

137.    Defendants have and continue to infringe one or more claims of the '431 patent under 35 U.S.C § 271(f)(1) at least by importing components of televisions into this State and District, and then exporting them to foreign countries, including but not limited to Mexico, for assembly into infringing televisions.

138.    Defendants' infringement of the '431 patent has been and continues to be willful.

139.    Unless enjoined by this Court, Defendants will continue to infringe the '431 patent, and LGE will continue to suffer irreparable harm and harm for which damages are inadequate. Accordingly, LGE is entitled to injunctive relief against such infringement under 35 U.S.C. § 283.

140.    As a result of Defendants' infringement of the '431 patent, LGE has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover past damages for such injuries pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff LGE respectfully requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of any and all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, LGE respectfully requests that the Court enter a judgment against Defendants follows:

A.    Declaring that Defendants have been and are currently infringing the Patents-In-Suit;

B.    Declaring that the Defendants are each jointly and severally liable for the

infringement of the Patents-in-Suit;

     C.    Permanently enjoining Defendants, their officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participation with any of the foregoing, from continued acts of infringement;

     D.    Awarding LGE compensatory damages on account of Defendants' infringement of the Patents-in-Suit, in an amount no less than an amount adequate to compensate for Defendants' infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with pre-judgment and post-judgment interest on all damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages under 35 U.S.C. § 284;

     E.    Declaring that this case is exceptional under 35 U.S.C. § 285 and under the Court's inherent powers, and awarding LGE its entire costs and expenses of litigation, including all attorneys' fees, out of pocket or third party costs, and experts' fees, together with pre-judgment and post-judgment interest on all such costs and expenses awarded; and

     F.    Awarding LGE all its costs, interest (including pre- and post-judgment interest on all sums awarded under this paragraph or otherwise), legal relief, declaratory relief, equitable relief, and all such other and further relief as the Court may deem just and proper.

Date:  April 21, 2022            /s/  *Melissa R. Smith*

                         Melissa R. Smith
                         TX State Bar No. 24001351
                         **GILLAM & SMITH, LLP**
                         303 S. Washington Ave.
                         Marshall, Texas  75670
                         Telephone:  (903) 934-8450
                         Facsimile:  (903) 934-9257
                         melissa@gillamsmithlaw.com

Peter H. Kang (*pro hac vice* to be filed)
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California  94304
Telephone:  (650) 739-7500
Facsimile:  (650) 739-7699
peter.kang@bakerbotts.com

Theodore W. Chandler (*pro hac vice* to be filed)
**BAKER BOTTS L.L.P.**
1801 Century Park East, Suite 2400
Los Angeles, California  90067
Telephone:  (213) 202-5702
Facsimile:  (213) 202-5732
ted.chandler@bakerbotts.com

Syed K. Fareed
TX State Bar No. 24065216
Mark Speegle
TX State Bar No. 24117198
**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard, Suite 1500
Austin, Texas  78701
Telephone:  (512) 322-2500
Facsimile:  (512) 322-2501
syed.fareed@bakerbotts.com
mark.speegle@bakerbotts.com

*Attorneys for Plaintiff*
*LG Electronics Inc.*