## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LG ELECTRONICS INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00122-JRG |
| | § | |
| TCL ELECTRONICS HOLDINGS LTD. | § | |
| (F/K/A TCL MULTIMEDIA | § | |
| TECHNOLOGY HOLDINGS, LTD.),  TCL | § | |
| INDUSTRIES HOLDINGS CO., LTD., | § | |
| TCL INDUSTRIES HOLDINGS (H.K.) | § | |
| LIMITED,  TTE TECHNOLOGY, INC. | § | |
| (D/B/A TCL NORTH AMERICA),  TTE | § | |
| CORPORATION,  TCL MOKA | § | |
| INTERNATIONAL LIMITED,  TCL | § | |
| MOKA MANUFACTURING S.A. DE C.V., | § | |
| TCL KING ELECTRICAL APPLIANCES | § | |
| (HUIZHOU) CO. LTD., | § | |
| MANUFACTURAS AVANZADAS S.A. DE | § | |
| C.V.,  TCL SMART DEVICE (VIETNAM) | § | |
| CO., LTD.,  SHENZHEN TCL NEW | § | |
| TECHNOLOGY CO., LTD.,  TCL | § | |
| OPTOELECTRONICS TECHNOLOGY | § | |
| (HUIZHOU) CO., LTD.,  TCL OVERSEAS | § | |
| MARKETING LTD.,  TCL TECHNOLOGY | § | |
| GROUP CORPORATION (F/K/A TCL | § | |
| CORP.), | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## DISCOVERY ORDER

Before the Court is the Joint Motion for Entry of Partially Disputed Discovery Order (the

"Motion") filed by Plaintiff LG Electronics Inc. and Defendants TCL Electronics Holdings Ltd.,

et al.  (Dkt. No. 50.)  Having considered the Motion, the Court finds that it should be and hereby

is **GRANTED**.  After a review of the pleaded claims and defenses in this action, in furtherance of

the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED AS FOLLOWS**:

1.      **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

   (a)     the correct names of the parties to the lawsuit;

   (b)     the name, address, and telephone number of any potential parties;

   (c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

   (e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

   (f)     any settlement agreements relevant to the subject matter of this action; and

   (g)     any statement of any party to the litigation.

2.      **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.     **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a)     provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

      i.     If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

      ii.     If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that

---

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)     produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)     provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.     Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.     Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following paragraphs 5(a) through 5(h).  In this section, "Side" means a party or a group of parties with a common interest.  Any party may later move to modify these limitations for good cause.

(a)     Forty (40) interrogatories per Side;

(b)     Forty (40) requests for admission per Side;

(c)     Seventy (70) hours of depositions per Side, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) but excluding depositions of expert witnesses.  The numerical limit on depositions found in Fed. R. Civ. P. 30(a)(2)(A)(i) shall not

apply, however, the parties agree to meet and confer about a reasonable maximum number of depositions.  Depositions of witnesses who require an interpreter for both questions and answers will be counted against this limit at a rate of 1/2 hour for each 1 hour on the record (e.g., an interpreted deposition lasting 8 hours on the record will count as 4 hours for purposes of the 70-hour limit).  In the event a witness requires translation for either questions or answers, but not both, the deposition will be counted at a rate of 3/4 hour for each 1 hour on the record (e.g., an interpreted deposition lasting 8 hours on the record will count as 6 hours for purposes of the 70-hour limit).  Each deposition pursuant to Fed. R. Civ. P. 30(b)(1) shall be limited to seven (7) hours on the record per witness; this limit shall be extended to fourteen (14) hours on the record per witness for any witness who requires an interpreter for both questions and answers and to nine (9) hours for any witness who requires translation for either questions or answers, but not both; however, no witness shall be deposed for more than 7 hours on the record in a single day (absent agreement of the parties and the witness).  After an attorney who noticed the deposition finishes questioning a witness (normally limited to 7 hours), if another attorney (e.g., the attorney representing the witness) asks the witness questions, then for every 2 minutes of questioning by that attorney, the first attorney may have an additional 1 minute to ask follow-up questions.  The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court.  If any party requests more than the allotted time for a particular deposition or if any Side seeks more than the number of

designated hours set forth herein, the parties agree to meet and confer in good faith
to attempt to resolve the issue prior to seeking intervention by the Court;

(d)     At the election of the party noticing the deposition, any deposition may be taken by
remote means (e.g., Zoom), as allowed by Fed. R. Civ. P. 30(b)(4).  The party
presenting a witness reserves the right to seek intervention from the Court in the
event that the elected method for the deposition (remote or in-person) would be
unduly burdensome for the party;

(e)     For the deposition of any witness in a party's control (e.g., employees) who resides
in a jurisdiction that restricts taking depositions (e.g., China), the parties agree that
the witness will be brought to a jurisdiction that allows such depositions (e.g.,
Macau);

(f)     One (1) technical expert and one (1) damages expert per patent family asserted per
Side, but in no event more than six (6) total expert witnesses per Side.  Noting that
experts in the field of display, lighting, communications, or other electrical
technologies such as those at issue in this case typically can cover a wide variety of
technologies, the parties may distribute their experts in any appropriate manner
consistent with these limits.  However, the dropping of a patent family shall not
entitle a Side to replace the expert(s) associated with that patent family with another
expert in such a way as to circumvent these limits.  By way of example, if a party
asserts or responds to the assertion of three (3) patent families and retains six (6)
experts (1 technical and 1 damages) for each patent family, but later one of those
patent families is dropped from the case, then the total number of experts permitted

hereunder shall also drop to four—being two (2) experts each for the two (2) remaining patent families.

(g)     Seven (7) hours for the deposition of each expert, per report offered by the expert. For example, an expert offering a report on each of infringement and invalidity may be deposed for up to 14 hours (i.e., up to 7 hours on infringement and up to 7 hours on validity).   An expert that offers testimony pursuant to P.R. 4-3(b) for claim construction may be deposed for up to five (5) hours, and this deposition testimony is separate and apart from any deposition testimony related to an expert report on a substantive issue besides claim construction; and

(h)     Sixty (60) hours of nonparty depositions per Side, subject to the provisions of the above paragraph 5(c).

6.      **Privileged Information.**     There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with

the documents over which privilege is asserted for *in camera* inspection.  However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7.    **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.    **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Discovery Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service

of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)      An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)      Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)      Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)      Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)      Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-

26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

(a)    The parties agree that, unless good cause is shown, the parties shall not be required to log any privileged documents created on or after April 21, 2022, which is the date the Complaint was filed, except as provided under P.R. 3-7(b).

(b)    The parties agree to accept service of discovery by e-mail subject to Local Rule CV- 5(d)'s requirement that service after 5:00 PM Central Time shall be deemed served on the following day for purposes of calculating responsive deadlines.

    a.    Service on the plaintiff must be by email to <DLLGE-TCL@BakerBotts.com> and <Melissa@gillamsmithlaw.com>.

    b.    Service on the defendants must be by email to <TCL-LGE@pvuslaw.com>, <becca.skupin@solidcounsel.com>, and <michael.smith@solidcounsel.com>.

c.  If the documents to be served are greater than 15Mb, a link to download the documents (along with any required passwords) must be provided instead of attaching the documents to the email.

13.  **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 3rd day of November, 2022.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE